UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NIKOLOZ SORDIA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT et al.,<br><br>Respondents. | No.  1:26-cv-00953-DAD-SCR<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITITONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On February 3, 2026, petitioner filed a petition for writ of *habeas corpus* and motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On February 4, 2026, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 6.)

On the same day, respondents filed an opposition.  (Doc. No. 8.)  They argue therein that because petitioner "entered the United States illegally," he "is then an 'applicant for admission'

1

who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (*Id.* at 1.) Nonetheless, respondents concede "that there are no factual or legal issues in this case that render it substantively distinct from the Court's prior orders." (*Id.* at 2.) Respondents do not oppose converting the motion for temporary restraining order into a motion for preliminary injunction and go on to "respectfully suggest that if the Court is inclined to grant a preliminary injunction, judicial economy counsels that the Court should go further and enter a final judgment granting the petition for writ of habeas corpus on the merits." (*Id.* at 1.)

Petitioner is a citizen of the country of Georgia who entered the United States on or about December 20, 2023. (Doc. Nos. 1 at ¶ 12; 2-1 at 18.) After being briefly detained by Customs and Border Protection, on December 23, 2023, petitioner was released from immigration custody on an order of own recognizance. (Doc. No. 2-1 at 13–16.) Petitioner subsequently applied for asylum and the withholding of removal. (*Id.* at 18–29.) Petitioner claims that he has no criminal history. (Doc. No. 1 at ¶ 66.) He further alleges that, on or about January 16, 2026, immigration officials re-detained him without prior notice or a hearing. (*Id.* at ¶ 2.) Petitioner is presently being held at the California City, California detention center. (Doc. No. 2-1 at 5.)

Because respondents concede that there are no factual or legal differences between this case and the court's prior orders in *Perez* and *O.A.C.S.*, the court adopts the reasoning outlined in those cases and concludes that petitioner's detention violates due process.

Accordingly, for the reasons outlined below:

1.      Petitioner's petition for writ of *habeas corpus* is GRANTED as follows:

      a.      Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention on or about January 16, 2026;

      b.      Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner prior written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner presents a flight risk or danger to the community;

      c.     Petitioner's request for attorneys' fees pursuant to 28 U.S.C. § 2412 is denied without prejudice to renewal upon a properly noticed and supported motion.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **February 5, 2026**            _Dale A. Drozd_

                                        DALE A. DROZD
UNITED STATES DISTRICT JUDGE